WRIGHT, J.
On the 9th November, 1820, these parties contracted together, for the sale, by the defendant to the complainant, of her ■dower interest in a quarter section of land; notes were given by the ■complainant for the purchase-money, and the defendant executed to ’Tim a deed of release for her dower. At the same time the [462 complainant contracted with the two minor heirs to buy of them two-fifths, undivided, of the fee of the same land, to pay them when they attained to majority, and conveyed to him. These contracts were made by the complainant with full knowledge of the situation of the parties, and of the fact that the dower had not been assigned ■or set off to the widow in form. At a subsequent period the proof *474 is that the contract for the two-fifths was rescinded by the parties,, at the instance of the complainant, and the dower was admeasured to him. No other conveyance has ever been asked of the defendant. The proof leaves it uncertain who has had the possession, since the dower was admeasured, but there is no evidence, or circumstance to induce the belief, that the defendant has ever interposed the slightest obstacle to the full enjoyment of the premises-by the complainant. A partition was made between the complainant and Long, who held the other three-fifths, by which each had' his proportion in severalty. This was about the time of the rescission of the contract with the minor heirs. The complainant asks-to have this conveyance annulled, and the collection of the notes given for the purchase enjoined. 1. On account of the mistake under which the contract was made. 2. The want of consideration for-the notes. 3. Upon an alleged agreement to cancel the notes in case-the complainant failed to get a title for the two-fifths.
1. The proof clearly shows that the complainant was under no-mistake in the facts of the case, in the situation of the contending-parties, or of the land. As to all these matters the parties were well informed. The mistake, if any, was-one of law, in supposing the release operated to convey the dower estate before its admeasurement to the doweress. In case the complainant had obtained the fee of the two-fifths, and the dower was afterwards admeasured, I think the release would have operated, and enured to his benefit. The failure in obtaining title to the two-fifths appears on the proof, to be owing, first, to the fact that the complainant solicited the-minor children who had contracted with him, to disaffirm and destroy the contract, in order to enable him to set aside the partition-with Long, in which he thought Long had got the better of him. The subsequent refusal of these heirs to re-contract, is not a matter-that can in any way affect the contract for the dower. If it resulted from any influence other than their own reflections, it was-the influence of the complainant himself. He taught them to dis-affirm, to enable him to operate upon another, and then expected they would make a new contract.. It is well enough, that having sowed' 463] the *wind, he should reap the whirlwind. The transaction, taken in all its aspects as connected with the contract, exhibits the-complainant, in no favorable light to obtain relief on account of mistake at the hands of a chancellor.
2. The alleged agreement of the parties to cancel the agreement, if the minor heirs disaffirmed their contract for the, two-fifths, is-not only unsupported by the proof, but is against the proof. The- *475 agreement was, in fact, disaffirmed and cancelled at the express invitation ot'the complainant. If u be said that was only done to enable him to violate his agreement for partition with Long, who owned the other three-fifths, then it was fraudulent, and he was the instigator of the fraud. He comes here with foul hands, without right to relief. If, however, the refusal by the heirs was not at his instance, but was at the instance of the defendant, it is in no way connected with her contract for the dower, and cannot vitiate it. But it appears to us clear, that the contract with the heirs was the complainant’s own, without connection with, or the responsibility of, the defendant. He ivas no way deceived by the defendant. He took upon himself the chance of obtaining the confirmation of the heirs when of age. The defendant, on the advice of the scrivener, Tallman, actually refused to go security for the children when the writings were executed, and did not sign them. Then the complainant took the contracts of the minors, saying he had no security and never expected any.
3. The want of consideration for the notes is not made out. The contrary is the fact. The notes were given for the dower, and the contract supposed to be completed at the time, by the release. Say it is defective as a conveyance; what does justice require? That the defects shall be supplied — that the complainant shall have what the defendant contracted to give him, and no more. Having purchased with his eyes open, all he can ask is to have the release construed to be a contract and a conveyance now made, upon his paying what he owes. That she expresses her' willingness to give.
By agreement, the parties then take a decree for a conveyance of the dower in sixty days, without costs.